**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Eric Allen Spawn,

Debtor.

Case No. 25-50556
Chapter 7

# MOTION FOR APPROVAL OF SETTLEMENT

TO: The debtor(s) and other entities specified in the applicable Federal Rules of Bankruptcy Procedure.

1. Erik A Ahlgren, the chapter 7 trustee for the debtor's estate, moves the court for the relief requested below.

2. Any response to this motion must be filed and served not later than November 19, 2026. If a response is timely filed, a hearing will be scheduled by the trustee with notice of the hearing by the trustee to the responding party and the United States Trustee. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING.**

3. This court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The petition commencing this chapter 7 case was filed on July 28, 2026. The case is now pending before this court.

4. This motion arises under Fed. R. Bankr. P. 9019 and Local Rule 9019-1. This motion is filed under Fed. R. Bankr P. 9013 and 9014. The trustee request approval of the settlement as set forth below.

5. The following is a summary of the dispute and the terms of the proposed settlement:

Debtor gifted his son a 1989 boat and trailer and trap gun. The Trustee contends that these transfers are avoidable. In addition, the debtor has non exempt patronage refunds of $500 and estimated non exempt portion of vacation fund $661.93. The debtor and the trustee have reached an agreement where the debtor will pay the trustee $3500.00 in settlement of the avoidance claim and non exempt assets. Debtor will remit payment to the Trustee by November 15, 2026. The trustee believes the settlement is in the best interest of the estate. If payment is not made or if this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims.

6. The trustee believes the settlement is in the best interest of creditors. The costs of litigation could offset any recovery to the estate

**WHEREFORE**, the trustee moves the court for an order approving the settlement and for such other and further relief as is just and equitable.

Dated: October 28, 2026

AHLGREN LAW OFFICE, PLLC

*/e/ Erik A Ahlgren*

Erik A. Ahlgren (#191814)
Aaron E Ahlgren (0505610)
220 W Washington Ave Ste 105
Fergus Falls, MN 56537
Phone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net
aaron@ahlgrenlawoffice.net
*Attorney for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Eric Allen Spawn,

Debtor.

BKY 26-50556
Chapter 7

# ORDER

This matter came on for hearing on the trustee's motion for an order approving the settlement reached between the trustee and Eric Spawn. Based upon the motion, files and records,

IT IS ORDERED:

1. The motion is granted.

2. The settlement is approved.

Dated:

William J Fisher
United States Bankruptcy Judge